484 So.2d 676 (1986)
Timothy OVERMIER, et al.
v.
Navarre Scott TRAYLOR, Sr., et al.
No. 85-CA-0282.
Court of Appeal of Louisiana, First Circuit.
February 25, 1986.
Rodney C. Cashe, Andre Coudrain, Hammond, for plaintiffs-appellees.
Ron S. Macaluso, Hammond, for defendants-appellants.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
EDWARDS, Judge.
Plaintiffs brought this suit to enjoin defendants from using their property in River Ridge subdivision in Tangipahoa Parish *677 for commercial purposes. Specifically the petition sought to have various pieces of earth moving and construction equipment, tractor trailers, oil drums, and an eight-foot, barbed wire topped, chain link fence removed from the property. Finding defendants' use of the property in violation of restrictions designating it as single family residential, the trial court granted a preliminary injunction. Defendants appealed suspensively[1] and plaintiffs answered, seeking damages and attorneys fees for frivolous appeal. We affirm.
Building restrictions are sanctioned by the Civil Code, see LSA-C.C. arts. 775-783, but because they restrict one's use of his property, doubts regarding the "existence, validity, or extent of building restrictions [must be] resolved in favor of ... unrestricted use." LSA-C.C. art. 783.
The applicable building restrictions, which were recorded in the Tangipahoa Parish conveyance office on September 24, 1980, designated the subdivision as residential and forbade the use of the property for other than single family residential purposes. Mr. and Mrs. Traylor purchased their property in 1983,[2] and thereafter began storing construction and earth moving equipment on their property adjacent to their house. Mr. Traylor, who testified that he built the fence to protect his equipment from theft, is in the construction business, and he simply runs that business from his home, storing his equipment at his home when it is not being used on a job.
This is a clear violation of the restriction against using the property for commercial purposes. Part of the business of construction involves the storage of the heavy equipment when it is not in use. Indeed, the pictures filed into evidence show a mini industrial park right in the middle of an otherwise lovely residential subdivision.
Defendants argue that their property is not included in the property described in the building restrictions. The property description in the instrument is as follows:
A certain piece or parcel of land consisting of the West ½ of the East ½ of the Northeast ¼ of Section 19, Township 5 South, Range 8 East, Tangipahoa Parish, Louisiana, lying South of Louisiana Highway 442 and comprising 36.47 acres more or less all as more particularly set forth on the surveys of Bickford Surveying, Inc. dated February 11, 1977 as subdivided into lots by Bickford and Associates, Engineers and Land Surveyors by plat dated September 11, 1980, both of which are attached hereto and made a part hereof.
According to defendants, their property is a portion of a 14.51 acre tract which was not subdivided at the time the building restrictions were recorded, and therefore their property was not covered by the restrictions because it was not then "subdivided into lots" as stated in the property description. We note, however, that the 14.51 acre parcel was indeed shown to be subdivided on the September 11, 1980, plat, which is attached to and made a part of the recorded building restrictions. Defendants' argument, therefore, has absolutely no merit.
Defendants also argue that the building restrictions are ambiguous, claiming that the land described therein actually comprises approximately 60 acres, rather than 36.47 acres, as stated in the instrument. Our calculation of the acreages shown in the plats, however, rendered exactly 36.47 acres. We can only surmise that defendants counted acreage from the entire East ½ of the Northeast ¼, rather than the West ½ of the East ½ of the Northeast ¼, as stated in the instrument. This argument has no merit.
*678 Defendants next argue that the building restrictions are invalid because the notary neglected to fill in the date that the instrument was executed. Particulary in view of the fact that the instrument was recorded in the conveyance office and has a file stamp from that office of September 24, 1980, we do not find this omission to be fatal. "Building restrictions may be established only by a juridical act ...." LSA-C.C. art. 776. A juridical act is an act that is capable of alienating property. Yiannopoulos, Predial Servitudes; Creation by Title: Louisiana and Comparative Law, 45 Tul.L.Rev. 459, 460. Immovable property may be transferred either by authentic act or by act under private signature, but the instrument evidencing the transfer has effect against third persons only from the time it is filed for registry in the parish where the property is located. LSA-C.C. arts. 1839, 2440. Thus the building restrictions could only be enforced against the Traylors from the date they were recorded, that is September 24, 1980. That date clearly appears on the instrument, and the instrument was of record so as to give notice to all parties, including defendants, of the building restrictions.
Defendants' final argument, which seeks to reduce this controversy to a question of whether fences are permitted, misses the point. They point out that fences are not specifically prohibited by the restrictions, and further suggest that because other property owners had fences that were more than two years old, any restrictions against fences were thereby waived. Plaintiffs have never suggested that the building restrictions prohibit fences. It is defendants' commercial activity carried on in a strictly residential subdivision that is at issue here. One has only to look at the photographs introduced into evidence to see that this is not simply a fence controversy. Defendants' fence is clearly part of commercial activity. It is eight feet high, it has three rows of barbed wire across the top, and it encloses various pieces of heavy equipment for defendants' construction business. As to the other fences in the subdivision, the record shows them to be only four feet high and with no commercial activity attendant thereto.
Contending that defendants' argument has absolutely no merit, and that the suspensive appeal was taken merely for purposes of delay, plaintiffs seek damages and attorneys' fees for frivolous appeal, as provided by article 2164 of the Code of Civil Procedure. Appeals are favored; damages for frivolous appeals will only be awarded when it is manifest that the appeal was taken solely for delay, or that appellant's counsel did not seriously advocate the view he presented. Sample v. Sample, 432 So.2d 376, 377 (La.App. 1st Cir.1983). We cannot say that this was the case, and accordingly we decline to award damages for frivolous appeal.
For the foregoing reasons the judgment of the trial court is affirmed at appellants' costs.
AFFIRMED.
NOTES
[1] The court has discretion to allow suspensive appeals from judgments relating to injunctions. See LSA-C.C.P. art. 3612. There is no claim in this case that the court abused that discretion.
[2] Defendants point out that their deed did not mention the restrictions, but building restrictions are real obligations and thus go with the land, despite lack of notice thereof in the act of transfer. LSA-C.C. arts. 777, 1764; McGuffy v. Weil, 120 So.2d 358, 363 (La.App.2d Cir.1960).