1998-NMCA-127

964 P.2d 199

**BONITO LAND & LIVESTOCK, INC., Plaintiff–Appellant,**

v.

**VALENCIA COUNTY BOARD OF COMMISSIONERS, Defendant–Appellee.**

**No. 18723.**

Court of Appeals of New Mexico.

Aug. 11, 1998.

Hessel E. Yntema, III, Oman, Gentry & Yntema, P.A., Albuquerque, for Plaintiff–Appellant.

Thomas C. Garde, Torres and Garde, Los Lunas, for Defendant–Appellee.

### OPINION

WECHSLER, Judge.

{1} This case poses the question of whether a county can adopt a comprehensive zoning ordinance excluding federally-owned land, and later apply the ordinance to land that was federally-owned at the time the county adopted the ordinance. We hold that while a county may zone federally-owned land, in this case the Valencia County Board of Commissioners (County) did not effectively zone the land in dispute. We therefore reverse and remand for further proceedings.

### Facts

{2} The County adopted Valencia County Comprehensive Zoning Ordinance 87–3 (Ordinance) on January 20, 1988. The area surrounding the land in dispute at that time "was zoned both rural Residential and Outland District." Also, at that time, the United States owned and the Bureau of Land Management (BLM) managed Sections 9, 10, 11 and the west 1320 feet of Section 12, Township 6 North, Range 4 East, in Valencia County. On March 13, 1995, the United States conveyed the property to Lincoln Valley Land Company, which conveyed it to Bonito Land and Livestock, Inc. (Bonito) that same month.

{3} Under the Ordinance, the County applied "rural Residential and Outland District" zoning to Bonito's property, thereby preventing Bonito from engaging in mineral extraction activities on the property. After the County denied Bonito's application for a use permit allowing mineral extraction, Bonito filed a complaint in district court. Count I of the complaint sought a declaratory judgment that "the Property is not zoned, and that [Bonito] may use its Property free of Defendant's purported zoning." Counts II and III alleged an unconstitutional taking of Bonito's property and resulting damages.

{4} Bonito filed a motion for partial summary judgment on Count I. At a hearing on Bonito's motion, the County made an oral cross-motion for summary judgment. The district court granted summary judgment in favor of the County ruling that the Ordinance applied to the property now owned by Bonito and that the County had effectively zoned the property. The parties stipulated to dismissal of the remaining counts of Bonito's complaint, and Bonito now appeals.

### Discussion

{5} We review whether the district court properly applied the law to the essentially undisputed facts. *See Amica Mut. Ins. Co. v. Maloney,* 120 N.M. 523, 527, 903 P.2d 834, 838 (1995). We review grants of summary judgment based upon conclusions of law de novo. *See Krahling v. First Trust Nat'l Ass'n,* 1997–NMCA–082, ¶ 9, 123 N.M. 685, 944 P.2d 914; *see also Gallegos v. State of New Mexico Bd. of Educ.,* 1997–NMCA–040, ¶ 11, 123 N.M. 362, 940 P.2d 468.

{6} Bonito argues that the County did not zone the property when it adopted the Ordinance. Bonito does not claim that the County does not have the authority to zone the property; it asserts that the property currently is unzoned because the Ordinance does not apply. The County contends that it zoned the property when it adopted the Ordinance in 1988 and that the zoning became effective when the property passed into private ownership. The County also claims that "in deference to the Supremacy Clause of the United States Constitution [it] did not attempt to zone federal land in its ordinance." (Emphasis deleted.)

{7} In accordance with NMSA 1978, § 3–21–14 (1981), *see Miles v. Board of County Comm'rs,* 1998–NMCA–118, ¶¶ 16, 17, 125 N.M. 638, 964 P.2d 169, the County published the following notice on November 22, 1987:

**640**

PUBLIC NOTICE

AN ORDINANCE ESTABLISHING COMPREHENSIVE ZONING REGULATIONS AND ZONING MAPS FOR VALENCIA COUNTY, NEW MEXICO, AND PROVIDING FOR THE ADMINISTRATION, ENFORCEMENT, AND AMENDMENT THEREFORE.

The "COMPREHENSIVE ZONING ORDINANCE OF VALENCIA COUNTY."

The provisions of this Ordinance are designed to promote health and the general welfare of the County; to secure safety from fire, flood, and other dangers; to protect local water resources.

The Ordinance shall apply to all or any portion of the territory within the County that is not within the zoning jurisdiction of an incorporated municipality or any joint municipal-county extraterritorial zoning authority, and is not held in trust or ownership by the Federal Government or the State of New Mexico.

No structure shall be constructed, placed, or maintained, and no land use commenced or continued within the jurisdiction of this Ordinance except as authorized by this Ordinance.

Final Public Hearing will be held at the County Commission Chambers, at 7:00 P.M., December 7, 1987. With final approval scheduled for 7:00 P.M. December 21, 1987.

Published in Valencia County

■ {8} A county or municipality may zone federally-owned lands, but may not enforce the adopted zoning ordinances on federal land absent consent from the United States. *See City of Wichita Falls v. Bowen,* 143 Tex. 45, 182 S.W.2d 695, 695, 699 (1944) (military installation can be part of an incorporated city, but power of city to exercise control and jurisdiction may be curtailed, and even suspended, during the time it is under jurisdiction and control of the federal government); 2 Eugene McQuillin, *The Law of Municipal Corporations* § 7.18.20, at 463 (Dennis Jensen & Gail A. O'Gradney, eds., rev.3d ed.1996) ("The city laws may be enforced upon [public lands] as elsewhere so long as

they do not encroach upon sovereign rights or powers."). *Compare* 83 Am.Jur.2d *Zoning and Planning* § 416 (1992) ("A county may zone property owned by the federal government provided the legislature recognizes the immunity of federal activity from local control to the extent such immunity exists."), *with City of Santa Fe v. Armijo,* 96 N.M. 663, 664–65, 634 P.2d 685, 686–87 (1981) (city's historical district zoning ordinances could not be applied to State Land Office building where no state statute authorized such application). The Supremacy Clause and governmental immunity are also noted as rationale for why a county or municipality may not enforce zoning on federally-owned lands. *See* McQuillin, *supra,* § 7.18.20; 83 Am.Jur.2d, *supra,* § 416. However, the issue in this case is not the County's enforcement. Since the County had the power to zone the land, the issue is whether it did so when it adopted the Ordinance.

■ {9} This Court construes zoning ordinances in the same manner as statutes, giving effect to the intent of the enacting body. *See Burroughs v. Board of County Comm'rs,* 88 N.M. 303, 306, 540 P.2d 233, 236 (1975). Here, the Ordinance is entitled "Comprehensive Zoning Ordinance of Valencia County" which suggests that the County intended the Ordinance to zone all land within the County's power. *See Board of County Comm'rs v. City of Las Vegas,* 95 N.M. 387, 390, 622 P.2d 695, 698 (1980) (purpose of a comprehensive zoning plan "is to ensure that there will not be 'loose [. . .] determinations of land utilization of comparatively small sections of the community'" (quoting 82 Am. Jur.2d *Zoning and Planning* § 69 (1976))); *see also* NMSA 1978, § 3–21–5(A) (1970) (zoning regulations "are to be in accordance with a comprehensive plan"). The Ordinance additionally states that it "shall apply to all or any portion of the territory within the County." This language also would favor the conclusion that the County intended to zone the property in question.

{10} Following this clause, however, the Ordinance excludes land within a municipality or extraterritorial zoning authority, *see* NMSA 1978, § 3–21–2 (1991), and land "held in trust or ownership by the Federal Govern-

ment or the State of New Mexico." As noted above, the United States owned the property when the County adopted the Ordinance. The County concedes in its answer brief that it only intended to zone privately-owned land within its zoning authority when it adopted the Ordinance. *See* § 3–21–2. After reviewing the published notice and the record, we agree that the County did not intend to zone federally-owned land. Thus, we conclude that the County, while having the authority to zone federally-owned land, chose to exclude federally-owned land from the Ordinance.

■ {11} The County takes the position that notwithstanding its original exclusion of federally-owned land, it intended to zone all privately-owned land. It claims that when the property passed into private ownership in 1995, the Ordinance adopted in 1988 took effect with respect to the property owned by Bonito. The County argues that it met the statutory notice requirements because "[n]otice was given to all County residents and affected all subsequent purchasers of property in Valencia County" when the County published notice in 1987, and this notice was sufficient to alert and bind subsequent purchasers. We find this argument unpersuasive.

■ {12} Adoption of a county-wide zoning ordinance is a legislative act which affects many citizens and does not require individualized notice. *See Miles,* 1998–NMCA–118, ¶ 16, 125 N.M. 638, 964 P.2d 169. Subsequent enactments or changes of zoning which affect a small number of citizens require notice comporting with NMSA 1978, § 3–21–6(B) (1981). *See id.* ¶ 15. Notice under this section must allow affected citizens an "opportunity to be heard" to meet the requirements of procedural due process. The proposed zoning of Bonito's land is an adjudicative act by the County, not a legislative act, because it affects a relatively small number of individuals. *See id.* ¶ 16; *see also West Old Town Neighborhood Ass'n v. City of Albuquerque,* 1996–NMCA–107, ¶ 11, 122 N.M. 495, 927 P.2d 529 (application of a general rule to a specific property is a quasi-judicial rather than a legislative act); *cf. Downtown Neighborhoods Ass'n v. City of Albuquerque,* 109 N.M. 186, 189, 783 P.2d 962, 965 (Ct.App.1989) ("[D]ecision to enact an ordinance is legislative in nature.").

■ {13} In this case, the property was unzoned when it became private property. Therefore, to zone this individual piece of property the County must meet the notice requirements of Section 3–21–6(B). *See Miles,* 1998–NMCA–118, ¶ 15, 125 N.M. 608, 964 P.2d 169. The published notice in 1987 fails to meet these requirements because notice must "fairly apprise[ ] the average citizen reading it with the general purpose of what [is] contemplated." *Nesbit v. City of Albuquerque,* 91 N.M. 455, 459, 575 P.2d 1340, 1344 (1977). Notice does not meet the statutory requirement of Section 3–21–6(B) if it "is insufficient, ambiguous, misleading or unintelligible to the average citizen." *Id.* As discussed above, the published notice contained contradictory statements suggesting intent to zone all land within the County's authority, while at the same time excluding federally-owned land which was within the County's power to zone. Given this contradiction, we deem the published notice inadequate to apprise the average citizen that the County may have intended the Ordinance to apply to federally-owned land that passes into private hands.

■ {14} We also test the sufficiency of statutory notice from the viewpoint of the recipient. "[W]here circumstances are such that a reasonably prudent person should make inquiries, that person is charged with knowledge of the facts reasonable inquiry would have revealed." *Bogan v. Sandoval County Planning & Zoning Comm'n,* 119 N.M. 334, 341, 890 P.2d 395, 402 (Ct.App. 1994). Neither Bonito nor its predecessor Lincoln Valley Land Company owned the property at the time the County adopted the Ordinance. The United States owned the property and the BLM managed it. The land administered by the BLM in Valencia County was not subject to the ordinance because the notice given by the county expressly stated that it did not apply to lands "held in trust or ownership by the Federal Government." Additionally, since the County states in its answer brief that it did not

intend to zone federally-owned land, it is logical to conclude that if the BLM or any other person made "reasonable inquiry" of the County, the County would have responded that it intended the property to remain unzoned.

{15} With these deficiencies, the County's notice was insufficient to include the property within the Ordinance in 1988 when it was adopted. Because the Ordinance in the instant case expressly exempted the zoning ordinance from federal land, our ruling here is distinguishable from this Court's decision in *Miles,* wherein we found that a comprehensive zoning ordinance substantially complied with statutory notice requirements so as to give constructive notice of the proposed zoning law.

*Conclusion*

{16} We conclude that the County did not effectively zone the property in question. Therefore, we reverse the district court's grant of summary judgment in favor of the County and remand for further proceedings consistent with this opinion.

{17} **IT IS SO ORDERED.**

DONNELLY and FLORES, JJ., concur.