**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2009-NMCA-048**

**Filing Date: March 26, 2009**

**Docket No. 28,554**

**MASON FAMILY TRUST,**

**Plaintiff-Appellant,**

**v.**

**MATT DEVANEY,**

**Defendant-Appellee.**

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

Adam D. Rafkin, P.C.
Adam D. Rafkin
Ruidoso, NM

for Appellant

Richard A. Hawthorne, P.A.
Richard A. Hawthorne
Ruidoso, NM

for Appellee

**OPINION**

**SUTIN, Judge.**

**{1}**      Plaintiff Mason Family Trust (Mason) sought an injunction against Defendant Matt Devaney to prevent Devaney from renting his cabin on a short-term basis. Devaney's property lies within what is considered a residential subdivision, called the White Fir Subdivision, located in an area called the Upper Canyon in Ruidoso, New Mexico. Mason also sought a writ of mandamus against the Village of Ruidoso to require the Village to enforce certain ordinances that Mason claimed prohibited Devaney's activity. The

1

mandamus action was stayed as to the Village, pending the outcome of the merits of Mason's claim against Devaney. Specifically, Mason complained that the short-term rental of the property by Devaney violated deed restrictions requiring properties to be used only for dwelling purposes and precluding properties from being used for business or commercial purposes. The district court entered summary judgment in Devaney's favor. We affirm and hold that, under the particular circumstances in this case, Devaney's rental of his cabin for dwelling purposes is a permitted use and is not a use for business or commercial purposes.

**BACKGROUND**

**{2}**    Mason's motion for summary judgment asserted the following as undisputed facts. Devaney purchased the property in question burdened with negative reciprocal easements in the form of deed restrictions. These deed restrictions were set forth in the original deeds to properties owned by Mason and Devaney. Devaney was a full-time resident of Texas, and his primary residence was in Fort Worth, Texas. He used the cabin as a personal vacation home and as a short-term rental. He contracted with a property management company to manage the rental of the cabin, and the company advertised the property on the company's Internet website. In the year before the complaint was filed, Devaney had only stayed in the property for fourteen nights and had rented it out sixty-six days, generating $12,625 in gross receipts.

**{3}**    The original warranty deeds to properties in the subdivision stated "that said property and the improvements thereon shall be used for dwelling purposes only and that no part thereof shall at any time be used for business or commercial purposes[.]" Mason argued in its summary judgment memorandum that the deed restrictions precluded Devaney from using the property as a short-term rental because this rental activity constituted use of the property for business or commercial purposes.

**{4}**    Devaney responded and filed a counter-motion for summary judgment. Devaney agreed that the facts as set out by Mason were undisputed. Devaney set out further undisputed facts relating to chain of title and reversionary rights. Mason did not dispute these additional facts. Devaney argued that (1) Mason lacked standing, (2) the deed restrictions did not preclude him from using his property as a short-term rental, and (3) the quitclaim deed to Devaney extinguished any right the grantor or its assigns and successors ever had to enforce the deed or to exercise the right of reversion.

**{5}**    The district court determined, as a matter of law, that Devaney was entitled to judgment in his favor, dismissed Mason's claims with prejudice, and entered judgment to that effect. The court specifically held that Devaney's short-term rental of the property did not violate the deed restrictions.[1]

_____

[1] The court's order appears to have also covered a second cabin in the subdivision owned by Devaney. To the extent the issues presented in the district court and decided by

2

**{6}**     The only issue on appeal is whether Devaney's short-term rental of his cabin constituted a use of the property for business or commercial purposes, in violation of the deed restrictions.  Devaney does not mention his standing argument or his arguments regarding the original grantor's assign's and successor's right of reversion that he raised in his summary judgment motion, and therefore, he has abandoned those arguments. *See Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 31, 142 N.M. 209, 164 P.3d 90 (stating that the plaintiffs abandoned claims set out in their complaint when they failed to mention the claims on appeal from a summary judgment dismissing all counts of his complaint); *see also State ex rel. Office of State Eng'r v. Lewis*, 2007-NMCA-008, ¶ 74, 141 N.M. 1, 150 P.3d 375 (filed 2006) ("A party that fails to present argument or authority to support a contention runs a very substantial risk that this Court will not address the contention, . . . because the party is deemed to have abandoned the contention.").

**DISCUSSION**

**{7}**     The question before us is whether, given the facts in this case, Devaney's use of his property violated the deed restrictions.  The facts are undisputed. We review this question de novo. *See Bonito Land & Livestock, Inc. v. Valencia County Bd. of Comm'rs*, 1998-NMCA-127, ¶ 5, 125 N.M. 638, 964 P.2d 199.

**{8}**     The parties agree that Devaney rented the property on a short-term basis when he was not occupying the property himself.  He rented the property for many more days than he dwelled there, and Devaney received substantial rental fees.  During the year before the complaint was filed, a property management company advertised and managed the rental of the cabin.

**{9}**     Deed restrictions are to be read reasonably but strictly and, to the extent language is unclear or ambiguous, the issue of enforcement of a restriction will be resolved in favor of the free enjoyment of the property and against limitations. *See Hill v. Cmty. of Damien of Molokai*, 1996-NMSC-008, ¶ 6, 121 N.M 353, 911 P.2d 861.  We will not construe a deed restriction so as to create an illogical, unnatural, or strained construction. *See id*.  We will give words in a deed restriction their ordinary and intended meaning. *See id.*

**{10}**     While Devaney's renting of the property as a dwelling on a short-term basis may have constituted an economic endeavor on Devaney's part, to construe that activity as one forbidden by the language of the deed restrictions is unreasonable and strained.  Strictly and reasonably construed, the deed restrictions do not forbid short-term rental for dwelling purposes.

---

the district court involved two cabins and not solely one cabin, we will assume that the parties intend this Court's decision to relate to the two cabins.

3

**{11}** This conclusion is supported by the case of *Yogman v. Parrott*, 937 P.2d 1019, 1020 (Or. 1997), which involved a short-term vacation rental in a beach-front subdivision. The restrictive wording differs slightly from the present case. The property in *Yogman* was restricted to use "exclusively for residential purposes" and not for "commercial enterprise." *Id.* After analyzing the meanings of "residential," "commercial," and "commercial enterprise," and looking at the context of the restrictive language, the Oregon Supreme Court determined that the language of the restriction was ambiguous. *Id.* at 1021-22. *Yogman* is similar to the present case. Other than limited evidence in *Yogman* that other homes were used as vacation rentals, there was no evidence in *Yogman* of the contracting parties' intent. *Id.* at 1022. The Oregon court followed the principle of strict construction because the use complained of was not "plainly within the provisions of the covenant." *Id.* (internal quotation marks and citation omitted). In doing so, the court determined that the short-term vacation rental of the property was not plainly included within the provisions of the covenant and held in favor of the owners of the vacation property. *Id.* at 1023.

**{12}** We are not persuaded by Mason's reliance on *O'Connor v. Resort Custom Builders, Inc.*, 591 N.W. 2d 216 (Mich. 1999), in which, concentrating on the concept of "interval ownership," the Michigan Supreme Court held that interval ownership did not constitute a residential purpose because it is too temporary and not considered as a residence or permanent home. *Id.* at 219-21. We are also not persuaded by the different circumstances relied on by Mason in *Munson v. Milton*, 948 S.W.2d 813 (Tex. App. 1997), and *Robins v. Walter*, 670 So. 2d 971 (Fla. Dist. Ct. App. 1995). In *Munson*, the court determined that rentals through a professional rental agent were not a residential use because a "residence generally requires both physical presence and an intention to remain." 948 S.W.2d at 816. In *Robins*, the court held that a bed and breakfast inn constituted an impermissible commercial enterprise. 670 So. 2d at 974. In the present case, the property must be used as for "dwelling purposes only." In the context of a residential subdivision, we interpret a dwelling purpose to be use as a house or abode, and once a proper use has been established, we do not attach any requirement of permanency or length of stay.

**{13}** Dictionary definitions support the view that the rental here is for dwelling purposes only. A "dwelling" is "a shelter (as a house) in which people live." *Merriam-Webster's Collegiate Dictionary* 361 (10th ed. 1996). To "dwell" is "to remain for a time." *Id.* A "house" is "a building that serves as living quarters for one or a few families: home." *Id.* at 562. An "abode" is "a temporary stay: sojourn." *Id.* at 3.

**{14}** We think that rental of a house or abode for a short-term use as a shelter to live in is significantly different from using the property to conduct a business or commercial enterprise on the premises. *See Munson*, 948 S.W.2d at 819 (Duncan, J., dissenting) (stating that "residential purposes . . . does not preclude renting one's home to third parties so long as the third parties use the tract for living purposes" (footnote omitted) (internal quotation marks omitted)); *cf. Hill*, 1996-NMSC-008, ¶ 11 (holding that the operation of group home to be "distinguishable from a use that is commercial—i.e., a boarding house that provides food and lodging only—or is institutional in character"); *Smart v. Carpenter*, 2005-NMCA-

4

056, ¶ 14, 139 N.M. 524, 134 P.3d 811 (filed 2006) (holding that the owner's use of the premises to repair, park, and store vehicles used in his business constituted a commercial activity).

**{15}** If a deed restriction is to preclude a short-term rental to be used for dwelling purposes, the restriction needs to be more specific than the restrictions in the present case. Under our ruling, a deed restriction for dwelling purposes only does not demonstrate an intent to prohibit a short-term rental for dwelling purposes. Nor, in our view, does this commercial or business use restriction preclude the economic aspect of an owner's vacation home which is also partially used as a short-term rental for dwelling purposes. We leave for another day and a different factual setting the determination of whether the short-term rental of a residential property falls within the definition of a commercial or business use.

## CONCLUSION

**{16}** We hold that, under the particular circumstances in this case, Devaney's short-term rental of his property for dwelling purposes was a permitted use and not for business or commercial purposes. Therefore, the use was not in violation of the deed restrictions. We affirm the district court.

**{17}    IT IS SO ORDERED.**

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

**ROBERT E. ROBLES, Judge**

**TIMOTHY L. GARCIA, Judge**

**Topic Index for *Mason Family Trust v. DeVaney*, No.** 28,554

**PR            PROPERTY**

PR-DD            Deed
PR-ES            Easement
PR-RC            Restrictive Covenants