

FILED
Susan Collier

C2014-0501C
2/10/2015 4:34:54 PM
Heather N. Kellar
Comal County
District Clerk

ACCEPTED
03-14-00660-CV
4115888
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/11/2015 4:31:35 PM
JEFFREY D. KYLE
CLERK

THE LAW OFFICE OF
J. PATRICK SUTTON PLLC

jpatricksutton@
jpatricksuttonlaw.com

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

2/11/2015 4:31:35 PM

JEFFREY D. KYLE
Clerk

February 10, 2015

**via fax on 830-608-2006**
Heather Kellar
Comal County District Clerk
150 N. Seguin, Suite 304
New Braunfels, Texas 78130

      Re:    Appeal No. 03-14-00660-CV, Comal County No. C2014-0501C, *Zgabay v. NBRC Property Owners Assoc.*

Dear Ms. Kellar:

      I believe that documents, being exhibits to the plaintiff's motion for summary judgment, were inadvertently omitted from the Clerk's Record previously transmitted to the Third Court of Appeals in this case. My records show that most of Exhibits C and all of Exhibits D-F followed what is currently CR51. Portions of Exhibit C and D as were returned to me following filing are attached hereto for your convenience. I hereby request that the record on appeal be supplemented to include all omitted pages. Oral argument is scheduled in the appeal for March 25, 2015.

                 Very truly yours,

                 J. Patrick Sutton

cc:

Jeffrey D. Kyle, Clerk
Third Court of Appeals

Wade Crosnoe

Attachments: exhibit pages

1706 W 10th Street Austin, TX 78703
ph (512) 417-5903 / fax (512) 355-4155
www.jpatricksuttonlaw.com

the Texas hotel tax and the Comal County Water-Oriented Recreation District lodging tax since we rent out the property to members of the public for sleeping accommodations for consideration and for periods of less than 30 days, though we do not necessarily intend to limit rentals solely to those under 30 days.

7. I have not and will not rent out individual rooms at 1175 River Chase Drive, but only the entire premises under one lease contract at a time. I do not operate a leasing office or leasing business there. There is no reception desk, room service, maid service, or other such amenities, and no employees. I have not organized a business entity to conduct leasing. All I do with the property is rent it out for use as a residential dwelling house when I am not there, deriving rental income thereby.

8. I advertise the home for rent on web sites such as HomeAway. That is how people find out I have the house for rent.

9. I declare under penalty of perjury that facts stated in this document are true and correct.

Craig Zgabay                     5/15/14
                                  date

Look for Camera To PDF In the App Store to turn your phone into a scanner.

# River Chase Property Owners Association

1600 N. E. Loop 410, Suite 202
San Antonio, Texas 78209
(210) 829-7202 Office * (210) 582-6013 Fax * 1-866-232-4386 Toll Free
Email: kem@ams-sa.com

March 13, 2014

Stephen Zgabay
Tammy Zgabay
1175 River Chase Drive
New Braunfels, Texas 78132

**First Class & Certified RRR Mail**
7012 2210 0000 5169 7061

Property: Lot 303, Unit III in River Chase

Re:     **COVENANTS AND RULES VIOLATION**
        **NOTICE OF FINE FOR DECLARATION VIOLATION**

Dear Mr. and Mrs. Zagaby:

Your property within the River Chase Subdivision is subject to covenants, conditions and restrictions as set forth in an instrument entitled Declaration of Covenants, Conditions and Restrictions River Chase Unit III.

It has come to the attention of the Board of Directors and management that your home is being used as a vacation rental. **We respectfully request that any and all activities related to the short term rental of your home cease immediately. Failure to comply with this request may result in a temporary restraining order being placed on your property.**

Specifically, you are in violation of Article III, Section 3.01 of the Declaration, entitled "Single Family Residential Construction.", which provides, in relevant parts, as follows:

> *"Except as provided below, no building shall be erected, altered, placed or permitted to remain on any Tract other than one dwelling unit per each Tract to be used for single family residential purposes."*

And of Article III, Section 3.14 of the Declaration, entitled Prohibition of Offensive Activities., which provides, in relevant parts, as follows:

> *"No activity, whether for profit or not, shall be conducted on any Tract which is not related to single family residential purposes, unless said activity meets the following criteria: (a) no additional exterior sign of activity is present, (b) it is the type of action that usually happens in a home, (c) no additional traffic, that would not be there normally, is created, and (d) nothing dangerous is present that should not be there. This restriction is waived in regard to the customary sales activities required to sell homes in the Subdivision. The discharge or use of firearms is expressly prohibited. Hunting is expressly prohibited. The Association shall have the sole and absolute discretion to determine what constitutes a nuisance or annoyance.*

Pursuant to Section 209.006 of the Texas Property Code, you are hereby notified that you are in violation of the Association's governing documents and/or its established rules, as described above, and that you are entitled to a reasonable period to cure the above-referenced violation, and avoid possibility of suspension of your right to use association common areas unless you have been given notice and a reasonable opportunity to cure similar violation within the preceding six months.

Zgabay Exhibit C1

Mr. and Mrs. Zagaby
March 19, 2014
Page 2

Furthermore, pursuant to Section 209.007 of the Texas Property Code, you may request a hearing before the Board of Directors or committee appointed for this purpose. Your request must be **in writing** and delivered to the Board of Directors, at the address shown below, within thirty (30) days of your receipt of this notice. Should you request a hearing, you will be given at least ten (10) days notice of this date, time and place for the hearing. The Board or the owner may request a postponement, and, if requested, the postponement shall be granted for a period of not more than ten (10) days. Such a hearing must be held within thirty (30) days after the date that the Board receives your request. Should the hearing be conducted by the committee appointed by the Board of Directors, you will have the right to appeal the committee's decision to the Board by written notice of appeal to the Board.

You may have special rights or relief related to enforcement action under federal law, including the Service members Civil Relief Act (50 U.S.C. app. Section 501 et seq.), if you are serving on active military duty). If that applies to you please let us know, and forward written proof that you are active duty military. If you do not do we will assume that you have no such rights.

Please be certain to correct the above-described violations of the Restrictions immediately as your failure to correct your violations will result in the Association taking further action to bring your property into compliance with the Restrictions. **You must also remove all advertisement related to the short term rental of your property.** Should the violations continue to exist on **March 28, 2014** the Association may take further actions and suspend your right to use any recreational facilities within the Common Area of River Chase.

**Furthermore if we deem it necessary to seek the help of the Association's Attorney, you, the property owner will be charged the attorney's fees and any and all costs related to bringing your property into compliance.**

If you have any questions or if we may be of any assistance, please do not hesitate to contact Association Management Services by calling 210.582.5989 or toll-free at 866.232.4386 extension 135.

<u>**Please be advised, the management office is not authorized to waive any fines, or violations, therefore any disputes or request for review by the Board must be submitted in writing.**</u>

Sincerely,

Ken Morales, CMCA®, AMS®, PCAM®
Association Manager

cc: River Chase Property Owners Association Board of Directors

Look for Camera To PDF in the App Store to turn your phone into a scanner.

Zgabay Exhibit C1

EXHIBIT D

ZGABAY EXHIBIT D
SHORT-TERM RENTAL CASES

| Case | Declaration Wording | Standard for Interpretation | Result |
|---|---|---|---|
| *Wilkinson v. Chiwawa Communities Ass'n*, 86870-1, 2014 WL 1509945 (Wash. Apr. 17, 2014). | LAND USE. Lots shall be utilized solely for single family residential use consisting of single residential dwelling and such out-buildings (garage, patio structure), as consistent with permanent or recreational residence. All habitable structures must be located not nearer than 20 feet to the front lot line. Structures shall be of new construction and shall not be commenced until building permit of appropriate public body is obtained.... | Intent of drafters, not strictly construed for free use of land in case of HOA's | Short-term rentals are not a business use. "Had the drafters wanted to prohibit rentals of a particular duration, they would have done so." |
| *Estates at Desert Ridge Trails Homeowners' Ass'n v. Vazquez*, 2013-NMCA-051, 300 P.3d 736, 743 (N.M. App. Feb. 8, 2013) | No Lot or any portion thereof shall be used except for single-family residential purposes. | First, if unclear or ambiguous, then the covenant will be resolved in favor of the free enjoyment of the property and against the restriction. Second, restrictions on land use will not be read into covenants by implication lest the free alienability of property be frustrated. Third, restrictive covenants must be considered reasonably, though strictly, so that illogical, unnatural or strained construction will not be effected. Fourth, words in a restrictive covenant must be given their ordinary and intended meaning. | Short-term rentals are not a business use |
| *Russell v. Donaldson*, 731 S.E.2d 535 (N.C. Ct. App. Sept. 4, 2012) | All lots shall be used for one family residential purposes only | covenants are not favored by the law, and they will be strictly construed to the end that all ambiguities will be resolved in favor of the unrestrained use of land | Short-term rentals are not a business use |
| *Roaring Lion, LLC v. Exclusive Resorts PBL 1, LLC*, CAAP-11-0001072, 2013 WL 1759002 (Haw. Ct. App. Apr. 24, 2013) | All Lots and Units shall be used only for residential use (whether transient or permanent) and incidental activities and in compliance with the Resort Declaration and applicable law (including zoning ordinances and building codes). As provided in the Resort Declaration, no gainful occupation, profession or trade shall be maintained | Plain language. | Short-term rentals are not a business use, but issue of fact exists whether lessor provided various amenities and services in the manner of a hotel |
| *Slaby v. Mtn. River Est. Resid'l Assoc., Inc.*, 2012 WL 1071634 (Ala. Ct. Civ. App. March 30, 2012) | The subject property is restricted to single family residential purposes only. No commercial, agricultural or industrial use shall be permitted. | Restrictive covenants are not favored and will be strictly construed. All doubts must be resolved against the restriction and in favor of free and unrestricted use of property. | Short-term rentals are not a business use |
| *Dunn v. Aamodt*, 2012 WL 137463 (W.D. Ark. Jan. 18, 2012) | Sites must be used for residential purposes only. | Arkansas courts do not favor restrictions on the use of land, and if there is a restriction on the land, it must be clearly apparent. Restrictive covenants are to be strictly construed against limitations on the free use of property, and all doubts are resolved in favor of the unfettered use of the land. | Short-term rentals are not a business use |
| *Mason Family Trust v. DeVaney*, 146 N.M. 199 (2009) | said property and the improvements thereon shall be used for dwelling purposes only and that no part thereof shall at any time be used for business or commercial purposes | Deed restrictions are to be read reasonably but strictly and, to the extent language is unclear or ambiguous, the issue of enforcement of a restriction will be resolved in favor of the free enjoyment of the property and against limitations | Short-term rentals are not a business use |
| *Ross v. Bennett*, 148 Wash.App. 40 (Wash.Ct.App.-Div. 1 2009) | all parcels within said property shall be used for residence purposes only | restrictive covenants, being in derogation of the common law right to use land for all lawful purposes, will not be extended to any use not clearly expressed, and doubts must be resolved in favor of the free use of land | Short-term rentals are not a business use |

ZGABAY EXHIBIT D
SHORT-TERM RENTAL CASES

| Case | Covenant Language | Construction Principle | Conclusion |
|---|---|---|---|
| *Applegate v. Colucci*, 908 N.E.2d 1214 (Ind. Ct. App. 2009) | All parcels shall be used only for residential purposes. No commercial business shall be carried on upon any parcel.... Nothing herein contained shall prevent the leasing or renting of property or structures for residential use | restrictive covenants disfavored and justified only to the extent they are unambiguous and enforcement is not adverse to public policy. Restrictive covenants are strictly construed, and all doubts are resolved in favor of the free use of property and against restrictions | Short-term rentals are not a business use |
| *Scott v. Walker*, 274 Va. 209 (2007) | No lot shall be used except for residential purposes. | restrictions are not favored, and the burden is on him who would enforce such covenants to establish that the activity objected to is within their terms. They are to be construed most strictly against the grantor and persons seeking to enforce them, and substantial doubt or ambiguity is to be resolved in favor of the free use of property and against restrictions | Short-term rentals are not a business use |
| *Lowden v. Bosley*, 395 Md. 58 (2006) | All lots shall be used for single family residential purposes only. | Plain language. | Short-term rentals are not a business use |
| *Mullin v. Silvercreek Condo. Owners Assoc., Inc.*, 195 S.W.3d 484 (Missouri Ct. App. 2006) | [a]ll units and restricted common elements shall be used, improved and devoted exclusively to residential use by a single family." Section 6.2 states that "[n]o business, trade, occupation or profession of any kind shall be conducted, maintained or permitted on any part of the property[.] ... Nothing in this [s]ection 6.2 is intended to restrict the right of any condominium unit owner to rent or lease his (their) condominium unit from time to time[] | Give effect to the intent of the parties as expressed in the plain language of the covenant; but, when there is any ambiguity or substantial doubt as to the meaning, restrictive covenants will be read narrowly in favor of the free use of property. | Short-term rentals are not a business use |
| *Pinehaven Planning Bd. v. Brooks*, 138 Idaho 826 (2003) | no commercial or industrial ventures or business of any type may be maintained or constructed" upon any residential lot. No more than one (1) single family dwelling may be constructed upon any residential lot. The Uniform Building Code shall be used to define any term not defined herein. if a term is used that is not defined in the Covenants or the Uniform Building Code, Webster's Dictionary shall be the source used for definition of terms. | General rules of contract construction. However, because restrictive covenants are in derogation of the common law right to use land for all lawful purposes, the Court will not extend by implication any restriction not clearly expressed. | Short-term rentals are not a business use |
| *Yogman v. Parrott*, 325 Or. 358 (1997) | All lots within said tract shall be used exclusively for residential purposes and no commercial enterprise shall be constructed or permitted on any of said property. | restrictive covenants are to be construed most strictly against the covenant; and unless the use complained of is plainly within the provisions of the covenant it will not be restrained | Short-term rentals are not a business use |
| *Shields Mtn. Prop. Owners Assoc., Inc. v. Teffeter*, 2006 WL 408050 (Tenn. Ct.App. 2006) | *No lot may be utilized for any commercial or industrial purpose or for any commercial husbandry or agricultural activity. All lots shall be used for residential purposes exclusively.* | *restrictive covenants are to be strictly construed and will not be extended by implication and any ambiguity in the restriction will be resolved against the restriction* | *Plaintiff's short-term rentals waived Defendant's as to first part of clause; since Defendant company ran 27 full-time rental properties and never used subject property for personal purposes, its sole purpose was commercial* |
| *Benard v. Humble*, 990 S.W.2d 929 (Tex.App.-Beaumont 1999) | single-family residence purposes | liberal construction under TEX. PROP. CODE ANN. § 202.003(a) (construed in a manner which may occasionally run hard afoul of strict common law requirements, i.e., strict construction favoring grantee, and strict construction against the drafter) | short-term rentals would be permitted under traditional principles of restrictive covenant construction favoring free use of land; temporary, retreat purposes, or transient housing not permitted under "liberal" construction applied in Beaumont |