O’CONNELL, STEPHEN C, Associate Judge.
*396 The appellants, L. M. Malcolm and Katherine Malcolm, in 1954 filed in Manatee County a plat entitled “Sunny Shores Trailer Community”. By the plat the streets, alleys, and thoroughfares were dedicated to the public. Two parcels of land shown on the plat were marked “Not included this plat.” Another parcel was marked “Recreation Area and Office” and another was designated “Big Unit, Drain Field, Clothes Yard”, which parcel will be referred to as “Big Unit.” The remainder of the land shown on the plat was divided into lots and blocks.
After the recording of the plat the appellants conveyed several of the lots shown thereon to the appellees. Each such conveyance was made subject to certain restrictions. Among other things the restrictions provided that:
“(p) * * * No clothes lines on lots permitted and lots owners may use the public clothes lines instead. * * * ”
and
'“(u) The intent of these restrictions is to maintain a residential area against encroachment of commercial or objectionable features and shall be so treated and interpreted. The right of enforcing the restrictions shall run to the owner of any lot, as well as to the Seller^; their heirs and assigns.”
The evidence shows that at the time of conveyance of the various lots by appellants to the appellees there existed on the parcel referred to as “Big Unit”, clothes lines and a building in which were located shower and toilet facilities and a laundry room, and that in the laundry room the appellants had installed laundry tubs for handwashing clothing and several coin operated washing machines. The evidence shows that all of these facilities were initially used in common by the purchasers of lots in the subdivision.
The -record shows that prior to the recording of the plat and sale of lots thereby the subject lands had been operated by the appellants as a trailer park in which space was rented to trailer owners and that the facilities existing on the “Big Unit” had been constructed by appellants for use of those who rented space in the trailer park. The appellees contended that the appellants orally .represented to them that the appellees would continue to have the use of the shower, toilet and laundry facilities and of the clothes lines in the “Big Unit” area.
In November 1955 appellants notified all owners of lots in the trailer community that they were going to sell the building on the “Big Unit”. After several meetings between the appellants and various appel-lees the appellants removed the clothes lines from the “Big Unit”, commenced work to convert the building thereon into a motel, and entered into a contract with D. W. Shobe for the sale of a portion of the “Big Unit” pursuant to which Mr. Shobe moved a trailer thereon.
Appellees then brought this action seeking to enjoin the appellants Malcolm from interfering with their use of the clothes yard on the “Big Unit” area; to require them to restore the clothes lines; to require them to restore to appellees the use of the wash rooms, toilet facilities, and laundry room in the building on the “Big Unit”; to enjoin 'the Malcolms from operating a motel on the “Big Unit”; and to direct Mr. Shobe to remove from the “Big Unit”.
In his final decree the chancellor found that, by means of the conveyances to ap-pellees, the appellants had covenanted that appellees would have use of the “Big Unit” area and building for a laundry room and clothes drying yard, had violated appellees’ rights by removing the clothes lines and by denying them use of the laundry room, had converted the building into a commercial enterprise, to-wit: a motel, and had sold a part of the “Big Unit” area to Mr. Shobe subject to the restrictions on the property.
*397 The final decree ordered that Mr. Shobe vacate the property purchased by him and enjoined him from interfering with the use of his property as a public clothes drying yard.
The decree further ordered the appellants Malcolm, (1) to replace and restore the clothes lines on the “Big Unit” area; (2) to restore and reopen the laundry room in the building (the decree did not require the appellants to furnish, operate or maintain laundry equipment therein); and (3) to cease the operation of the motel. The decree also perpetually enjoined the appellants from interfering with the use by appellees of the clothes lines and laundry room and from operating any commercial enterprise on the “Big Unit” area.
On oral argument before this Court the appellants conceded that the chancellor did not err in determining that the appellees had a right, in the nature of a private easement, to use the “Big Unit” area for a clothes drying yard and to the use of the laundry room in the building thereon as it existed prior to the conversion of said building into a motel. At the argument the appellees conceded that they had no right to use the shower and toilet facilities as they had existed prior to the conversion of the building to a motel.
If we have misunderstood these statements of the parties as made at oral argument they may correct them by petition for rehearing.
As we see it the point left for us to decide is whether the chancellor erred in ordering the appellants to cease and desist from" operating a motel on the “Big Unit” area.
Appellants contend that the chancellor erred in classifying the operation of a motel as a “commercial enterprise” which was in violation of the .restrictions above quoted.
Appellees, of course, contend that the chancellor ruled correctly.
Out of the point left for decision by us two questions arise:
(1) Does the restriction against “commercial or objectionable features” apply to the “Big Unit” area, and
(2) If it does apply to that area, is the operation of a motel a “commercial or objectionable feature.”
It seems quite clear from the plat and the evidence that the “Big Unit” area was an integral part of the Sunny Shores Trailer Community as platted by appellants and was intended to be and should be subject to the restrictions imposed on the use of the lots therein.
To hold that the “Big Unit” area was not subject to the restrictions against “commercial or objectionable features” would be in derogation of the general plan or scheme which was to develop and maintain, free of commercial features, a pleasant residential trailer community throughout the whole of lands included within the platted area. Although the restrictions themselves apply specifically only to the lots to be sold, we think that by implication they, under the facts of this case, also apply to the “Big Unit” area.
There is ample support for the ruling by the chancellor that the operation of a motel is a “commercial feature.”
In Schermer v. Fremar Corp., 1955, 36 N.J.Super. 46, 114 A.2d 757, 760 that court said:
“In modern usage, it may be generally regarded that establishments which furnish lodging to transients, although designated motels, may be deemed hotels. * * * ”
Also see Maturi v. Balint, 1953, 204 Misc. 1011, 130 N.Y.S.2d 122; Luedke v. Carlson, 1950, 73 S.D. 240, 41 N.W.2d 552; and Parrish v. Newbury, Ky.1955, 279 S.W.2d 229.
In Pierro v. Baxendale, 1955, 20 N.J. 17, 118 A.2d 401, on page 405, that court, in *398 determining the validity of a zoning ordinance which permitted boarding and rooming houses but prohibited hotels and motels in a residential area, determined that motels were commercial enterprises, saying:
" * * * Motels are business institutions which cater to members of the general public. * * * As such business institutions they possess, in substantial degree, the attributes which have led to the exclusion of businesses generally from residential zones. * * * »
We are in accord with the above quoted decisions that motels are business enterprises and as such are “commercial features” intended to be prohibited under the restrictions imposed by the appellants Malcolm.
For the reasons above expressed, the decree appealed from is Affirmed.
KANNER, C. J., and SHANNON, J., concur.