Clyde W. **RICHEY** and Kathryn O. Richey, Plaintiffs-Appellants,

v.

Roger H. **OLSON** and Phyllis M. Olson, Defendants-Appellees.

No. 84CA1089.

Colorado Court of Appeals, Div. II.

Oct. 17, 1985.

Brauchli and Jevons, Jack Owen Jevons, Boulder, for plaintiffs-appellants.

Terry Clausen, Golden, for defendants-appellees.

STERNBERG, Judge.

The plaintiffs, Clyde W. and Kathryn O. Richey, appeal from a judgment of the trial court denying their request for a permanent injunction restraining defendants, Roger H. and Phyllis M. Olson, from operating a bed and breakfast business in their residence. We affirm.

The Richeys and the Olsons own single family residences in Sunset Hill Subdivision located in Boulder. Protective covenants applicable to this subdivision were recorded in 1948. The pertinent covenants are these:

"Covenant A:

All lots in the tract shall be known and described as residential lots. No structures shall be erected, altered, placed, or permitted to remain on any residential building plot other than one detached single-family dwelling, and a private garage for not more than 2 cars.

"Covenant E:

No noxious or offensive trade or activity shall be carried on upon any lot nor shall anything be done thereon which may be or may become an annoyance or nuisance to the neighborhood."

In 1983, the Olsons started operating a bed and breakfast business in their residence. The Richeys instituted this action for injunctive relief on the theory that this use constituted a violation of Covenant A. There was no contention that the structure of the Olsons' residence violated Covenant A, nor that the bed and breakfast business violated Covenant E.

The trial court denied injunctive relief, finding that Covenant A related only to the type of construction that was permitted within the subdivision and that the Olsons had not violated its prohibitions because

**964**

they had not erected, altered, placed, or permitted to remain on their lot anything other than one single family dwelling. On appeal, the Richeys contend that the trial court erred in not concluding that the structural restrictions imposed by Covenant A also restrict the subsequent use of the structure to residential purposes. We disagree.

 Restrictive covenants must be construed as a whole in view of their underlying purposes. Construction should, if possible, give effect to all provisions contained in the covenants. *Tri-State Generation & Transmission Co. v. Thornton,* 647 P.2d 670 (Colo.1982); *Wilson v. Goldman,* 699 P.2d 420 (Colo.App.1985). Application of these principles to the Sunset Hills covenants does not support the Richeys contention.

 Covenant A addresses only the type of building permitted within the subdivision. It is neither necessary nor appropriate to imply a usage restriction from Covenant A because Covenant E contains specific prohibitions against certain uses. We find it to be significant that Covenant E does not prohibit all trade, but only that which is noxious or offensive. To construe Covenant A to prohibit all business activities would be to render the language in Covenant E meaningless, and result in our extending the prohibited uses beyond those specified by the covenants.

 Courts are not at liberty to rewrite written instruments nor to add terms which are not contained therein. *Bator v. Mines Development, Inc.,* 32 Colo.App. 320, 513 P.2d 220 (1973). Because the Olsons' residence complied with the structural requirements of Covenant A, the trial court correctly concluded that this covenant had not been violated by the Olsons' operation of a bed and breakfast business.

Judgment affirmed.

SMITH and VAN CISE, JJ., concur.