521 So.2d 359 (1988)
Louise B. MOSS, Appellant,
v.
INVERNESS HIGHLANDS SOUTH AND WEST CIVIC ASSOCIATION, INC., etc., et al., Appellees.
No. 87-1078.
District Court of Appeal of Florida, Fifth District.
March 10, 1988.
Clark A. Stillwell of Brannen, Stillwell & Perrin, P.A., Inverness, for appellant.
Joseph E. Neduchal of Neduchal & Magee, P.A., Orlando, for appellees.
DAUKSCH, Judge.
This is an appeal from a judgment enjoining appellant from renting portions of her home on the grounds the rental was in violation of deed restrictions. We reverse.
Appellant owns a single-family residence in a subdivision which is burdened with a restrictive covenant saying "All lots shall be used for residential purposes only." Appellant has opened her home to elderly people who pay for their room and board under a scheme called an adult congregate living facility.
The question on appeal is whether the restrictive covenant is being violated by appellant. It is our considered judgment that these elderly folks are using the lot, along with appellant, for purely residential purposes and that the covenant has not been breached. Just because appellant is receiving rental income, or making a profit, from her business of sharing her home with elderly people does not mean the lot is being used for nonresidential purposes. If she were using the lot for a hospital, or a treatment center with overnight "residents," then we would agree that the restriction would be violated. But only the fact that appellant charges her residents while they reside there does not violate the literal meaning of the restrictive covenant.
Restrictive covenants are to be strictly construed in favor of the landowner and the free use of his property. Moore v. Stevens, 90 Fla. 879, 106 So. 901 (1925); Young v. Tortoise Island Homeowner's Association, Inc., 511 So.2d 381 (Fla. 5th DCA 1987). If the drafter of this restriction had intended to forbid rental or leasing, as the trial judge did in his injunction, then he should have so provided. The fact that each elderly resident pays to live in appellant's home does not reflect a violation of the deed restriction. If paying for the right to reside is a violation of the deed restriction, then each resident in the subdivision is violating, or has violated, the restriction. It is reasonable to assume that each one has paid rent, mortgage payments or a purchase price for the place to reside, except some children and other elderly folks who have others pay for them.
*360 The judgment is reversed.
REVERSED.
SHARP, C.J., concurs.
DANIEL, J., dissents without opinion.