HALL, Judge.
The appellants challenge the final judgment denying their request for an injunc *1175 tion to enforce residential-only deed restrictions in a subdivision in which they are property owners.
The appellants contend that the trial court erred when it found that the use of the appellees’ home as an adult congregate living facility was not a commercial use in violation of the deed restrictions. We agree.
The appellants, Harold and Mary Laur-sen, are the owners of and reside on real property located in Shorecrest Subdivision in Dunedin, Florida. The appellees, Floria and Arline Giolli, are the owners of the adjoining property in Shorecrest Subdivision. Both parcels are subject to Shore-crest plat restrictions which were recorded on February 25, 1926, in plat book 14, page 73, public records of Pinellas County, Florida. Paragraph 3 of the restrictions states that the property is to be used for residential purposes only and that each dwelling is to be for one family only. The Giollis do not reside on their property. It is used as an adult congregate living facility (ACLF) housing three elderly ladies and a nighttime caretaker.
In order to operate the ACLF, the Giollis were required by law to obtain an ACLF license, § 400.407, Fla.Stat. (1987), and an occupational license, § 400.411(7), Fla.Stat. (1987). In addition, they had to obtain a specific exemption from the city of Dunedin to operate in a residential neighborhood. The Giollis advertised the ACLF, and they received income from its operation through the monthly fees charged the residents pursuant to a contract. In exchange for the payment of the fees, the residents were provided room and board, transportation, entertainment, and laundry services. At the time of trial the Giollis’ daughter was working at the ACLF as a nighttime caretaker. Arline Giolli testified that they intended to hire an additional employee to help care for the residents. She also testified that she intended to make a profit from the operation of the ACLF. Floria Giolli testified that he was not a caretaker at the ACLF, as he had a regular job, and that the ACLF was his wife and daughter’s business.
The trial judge, relying on Moss v. Inverness Highlands Civic Ass’n, 521 So.2d 359 (Fla. 5th DCA 1988), ruled that:
The use of a home as an ACLF can not [sic] be universally categorized as either residential or commercial, it depends on the individual facts in each case. Here, the Defendants are not running a dormitory or mass housing unit; they are merely charging for room and board to three elderly ladies. There are no hired employees; the Defendant’s daughter, Hillary, lives with the ‘boarders’. Under these circumstances, the Court does not find the Defendants’ use of the property in violation of the deed restrictions.
In Moss the court said, “It is our considered judgment that these elderly folks are using the lot, along with the appellant, for purely residential purposes and that the covenant has not been breached.” Moss, 521 So.2d at 359 (emphasis supplied).
We find that the facts in our case differ substantially from those in Moss, and that the trial court erred in relying upon it. We are not faced, as was the court in Moss, with a situation in which a resident homeowner does no more than rent rooms and provide needs to boarders. In the instant case, we are faced with a commercial enterprise, in which a nonresident property owner has converted a single-family residence into a miniretirement home. All the indicia of a commercial business are present in the instant case. The Giollis provide not only room and board for the residents, but such other services and amenities as are usually found in a commercial retirement home, including transportation and entertainment. The residents are required to sign a contract which obligates them to pay a monthly fee for these services. It is certainly not the home of the Giollis as they have admitted they reside elsewhere, and Mr. Giolli admits that it is his wife and daughter’s business.
Since we must conclude that the Giollis were engaged in a commercial enterprise upon the property in question, it necessarily follows that they were not using the dwelling as a single family residence and *1176 were therefore in violation of the deed restrictions.
Reversed and remanded with directions that the trial court enter an injunction to enforce the deed restrictions against the Giollis.
CAMPBELL, C.J., and SCHEB, J., concur.