670 So.2d 971 (1995)
Raymond ROBINS and Joan Robins, Appellants,
v.
John Thomas WALTER, et al., Appellees.
No. 94-4047.
District Court of Appeal of Florida, First District.
December 19, 1995.
*973 David R. Thomas, DeFuniak Springs, for appellants.
Dana C. Matthews and A. Richard Troell, Destin, for appellees.
WOLF, Judge.
Raymond Robins and Joan Robins (appellants) challenge a final judgment which, among other things, precluded them from running a bed and breakfast on their property in the Highlands Subdivision (Highlands). The underlying issue is whether the restrictive covenants on the property support the limitations placed upon the use of the property in the trial court's final judgment. We find that they do in all respects but one. We, therefore, affirm the trial court's order except for that portion of the order precluding appellants from renting out that portion of the property characterized as the "carriage house."
Appellants purchased a lot in Highlands. Highlands is a platted subdivision located in Walton County, Florida, made up of 79 residential lots and 12 business/commercial lots. Certain restrictive covenants, located in the public records, bind the property owners of Highlands. The restrictions state the following in relevant part:
2. No structure shall be erected, altered, placed, or permitted to remain on any residential building lot other than one detached single family dwelling unit with attached or detached garage, with quarters for domestics attached to the garage.
3. No structure of any said lot shall be used for business or commercial purposes provided, however, the renting of the premises in whole or in part shall not be construed to be a business or commercial operation.
. . . .
6. No business shall be permitted or maintained on any lot or lots except lot 16-A, 17, 18, 19 and 20 in Block B, lots 1, 2, 14 and 15 in Block D, and lots 1, 2 and 3 in Block F.
Appellants recorded their title by warranty deed to lot 10, block D of Highland Subdivision on November 29, 1990. This lot was designated as a residential building lot, and defendants had actual and constructive knowledge of the restrictive covenants binding property owners.
Appellants obtained a building permit which allowed them to construct a residential home with attached garage and mother-in-law apartment above the garage in March of 1991. According to the floor plans, appellants built a five-bedroom main house and then a "carriage house" above the garage. Each bedroom had a separate entrance to the outside. Appellants received a certificate of registration to collect sales and use tax for "A Highlands House" from the Florida Department of Revenue on August 1, 1991. Appellants also attached two signs outside the structure, one stating, "A Highlands House" and the other, "Bed and Breakfast Inn."
Appellees, the plaintiffs in the trial court, are property owners of lots located within the Highlands. Appellees filed a complaint against the Robins requesting the court grant equitable relief by enjoining appellants from operating their bed and breakfast. Count I of the complaint alleged in relevant part as follows:
36. The plaintiffs sue the defendants for equitable relief, mandatorily enjoining defendants from violating the restrictive covenants of Beach Highlands Subdivision.
38. The defendants did knowingly, willfully and wantonly plan, design, and develop a general commercial use upon real property subject to a valid restrictive covenant, restricting the use of their property to a single family residence.
. . . .
39. Defendants' general commercial use is not a single family residence.
40. Defendants' general commercial use is not an exempt rental of a single family residence.
. . . .
43. Defendants' general commercial use is in direct violation of the restrictive covenants.
Appellants denied all the allegations in count I and submitted as an affirmative defense that paragraph three of the restrictions specifically provides that the renting of their *974 home "shall not be construed to be a business or commercial operation."
On November 14, 1994, during a nonjury trial, the court heard testimony and accepted evidence regarding the case. The court entered a written order of final judgment on December 2, 1994. The order enjoined appellants from (1) renting out the "carriage house," (2) renting out portions of their property as "A Highlands House Bed and Breakfast" to any persons other than single families at any one time for residential use, (3) selling food from their property whether charged separately or included as part of the rental.
While not a model of clarity, the obvious intent of the deed restrictions is to allow parties to lease or rent their premises for residential purposes, but not to allow an ongoing commercial enterprise to take place on lots which are designated for noncommercial use.
Appellants argue and there is authority to support the position that the restriction that states, "No structure shall be erected ... other than one detached single family residence" only places limitations on the original building, but does not limit the ultimate use of the structure as a bed and breakfast inn. See Richey v. Olson, 709 P.2d 963 (Colo.Ct.App.Div. II 1985), and Patton v. Madison County, 265 Mont. 362, 877 P.2d 993 (1994). This covenant, however, does not stand alone in the instant case, but is coupled with two covenants that specifically restrict the use of the structure and lot, precluding business and commercial uses. This court has specifically found that when interpreting covenants, one must look at the document as a whole to determine the intent of the parties. Strader v. Oakley, 410 So.2d 954 (Fla. 1st DCA 1982). In addition, while we are aware that restrictive covenants should be narrowly construed, they should never be construed in a manner that would defeat the plain and obvious purpose and intent of the restriction. Brower v. Hubbard, 643 So.2d 28 (Fla. 4th DCA 1994).
A bed and breakfast inn is an ongoing business or commercial use of property which would violate the intent of the Highlands covenant.[1] In Malcolm v. Smith, 112 So.2d 395 (Fla. 2d DCA 1959), the appellate court determined that use of a property as a motel would violate deed restrictions intended to "maintain, free of commercial features, a pleasant residential trailer community throughout the whole of lands included within the platted area." Id. at 396. In Malcolm, supra, the court cited with approval a decision which determined that motels are like hotels in that they are both "establishments" which furnish lodging to transients" and that unlike boarding and rooming houses, "Motels are business institutions which cater to members of the general public ... as such business institutions they possess, in substantial degree the attributes which have led to the exclusion of businesses generally from residential zones." Id. at 396, 397 (citations omitted).
Appellant fails to demonstrate, and we are unable to determine a significant difference between a small motel and a bed and breakfast inn.[2] The Webster's New World Dictionary, Third College Edition (1988), defines "inn" as "an establishment or building providing lodging, and usually food or drink for travellers; hotel or motel especially one in the country or along a highway." Appellants' business, like a motel, offers short-term lodging to the general public. The fact that a complementary breakfast is served as part of the services to guests is immaterial, especially in light of the fact that many hotel and motel chains offer this amenity.
*975 The case of Moss v. Inverness Highlands South and West Civic Association, Inc., 521 So.2d 359 (Fla. 5th DCA), rev. denied, 531 So.2d 1353 (Fla.1988), relied on by appellant also fails to support appellant's argument that a bed and breakfast inn constitutes a residential use. In Moss, the fifth district determined that an adult congregate living facility did not violate a restrictive covenant, saying, "All lots shall be used for residential purposes only." Id. at 360. An adult congregate living facility, unlike a bed and breakfast inn, involves the actual provision of a permanent residence for the elderly. The fifth district compares the facility to the leasing or renting of a residence and specifically notes that the facility in that case did not provide overnight accommodations. Id. at 359.
Appellants also assert that the exception that provides that "the renting of premises in whole or in part shall not be construed to be a business or commercial operation," would allow the operation of a bed and breakfast inn. We find that this is a strained interpretation of the general understanding of the term rental. The rental of a residence in the context of the deed restrictions in the instant case and under common understanding involves the rental as a residence rather than just a facility serving temporary or transient guests from the general public. The distinction is much like the distinction drawn by the fifth district in Moss when they determined that the adults were, in fact, paying in order to reside in the adult congregate living facility. We, therefore, find that all of the restrictions concerning the use of the premises as a bed and breakfast inn were properly imposed.
We do, however, find that in light of the language in the restrictions which exempts rentals from being designated commercial, the restriction on the rental of the "carriage house" was overly broad and must be stricken.
We affirm in part and reverse in part, and order that the final judgment be modified in accordance with this opinion.
LAWRENCE, J., concurs.
BENTON, J., concurring in part and dissenting in part with written opinion.
BENTON, Judge, concurring and dissenting.
To the extent the injunction we are asked to review prohibits the sale of food, I concur in affirming. The injunction contains two provisions pertaining to appellants' renting their property:
1. Defendants, RAYMOND N. and JOAN ROBINS, and their heirs, successors and assigns are hereby enjoined from renting out that portion of their property characterized by them as the "carriage house."
2. Defendants, RAYMOND N. and JOAN ROBINS, and their heirs, successors and assigns are further enjoined from renting out that portion of their property characterized by them as "A Highlands House Bed & Breakfast" to any persons other than a single family at any one time for residential use only.
The majority reverses the first numbered paragraph on grounds that nothing in the restrictive covenants authorizes it. In this respect, too, I concur in the court's decision.
The majority affirms the second numbered paragraph set out above purporting to find support for this aspect of the injunction in a deed restriction apparently intended to allow taking in roomers. The deed restriction forbids use
for business or commercial purposes provided, however, the renting of the premises in whole or in part shall not be construed to be a business or commercial operation.
In my view, the deed restriction contemplates renting rooms, and cannot fairly be read to forbid renting to "persons other than a single family at any one time." To the extent the majority concludes otherwise, I respectfully dissent.
NOTES
[1] Fick v. Weedon, 244 Ill.App.3d 413, 184 Ill.Dec. 335, 613 N.E.2d 362 (1993); Houck v. Rivers, 450 S.E.2d 106 (S.C.App.1994); Town of Sullivans Island v. Byrum, 306 S.C. 539, 413 S.E.2d 325 (App.1992); Bruni v. Thacker, 120 Or.App. 560, 853 P.2d 307, rev. denied, 317 Or. 485, 858 P.2d 875 (1993).
[2] The one difference which was argued was that appellants reside on the premises. We fail to see how that makes a significant difference in the nature of the business, especially because there is no exemption for home occupations, and appellants conceded at oral argument when the entire house is occupied by guests, they do not stay in the structure. Furthermore, they also conceded to the use of manager to "control the guests."