WETHERELL, J.
The Santa Monica Beach Property Owners Association and the members of its board of directors (collectively “the Association”) appeal the order dismissing the declaratory judgment action in which they alleged that the use of Appellees’ properties as short-term vacation rentals violates the covenants restricting the properties’ use to residential purposes only and prohibiting their use for business purposes. We affirm.
Factual and Procedural Background
Appellees own two properties[1] in the Santa Monica Beach subdivision in Bay County. The properties are subject to restrictive covenants which provide in pertinent part:
*113 Said land shall be used only for residential purposes, and not more than one detached single family dwelling house and the usual outhouses thereof, such as garage, servants’ house and the like, shall be allowed to occupy any residential lot as platted at any one time; nor shall any building on said land be used as a hospital, tenement house, sanitarium, charitable institution, or for business or manufacturing purposes nor as a dance hall or other place of public assemblage.
(emphasis added).
In December 2015, the Association sent letters to Appellees stating that “it has been observed that the primary use of your property during 2015 seems to have become VACATION RENTAL; advertised on VRBO[2].” The letters asserted that this use violated the restrictive covenants and requested that Appellees discontinue the “vacation rental business” on their properties by March 2016. The record does not reflect whether Appellees responded to these letters.
Thereafter, in July 2016, the Association filed a complaint for declaratory judgment alleging that Appellees’ use of their properties violates the restrictive covenants quoted above. Specifically, the complaint alleged that Appellees’ properties were being offered and advertised for rent on the internet as transient public lodging establishments;[3] that Appellees were required to collect and remit state sales tax and local bed tax on the rentals; and that the Acords had obtained a license to operate their property as a transient public lodging establishment under the name “Acord Rental.”
Appellees filed a motion to dismiss the complaint for failure to state a cause of action because the uses alleged in the complaint do not violate the restrictive covenants. Specifically, Appellees argued that the short-term vacation rentals were residential uses—and not business uses—because the renters were using the properties for residential purposes: “Critically, the [Association] ha[s] not alleged that the properties are being rented for any purpose other than residential use by residential tenants. ... [T]he fact that this use is residential in character, and not a commercial or ‘business’ use, is conclusively established by the fact that [the Association] repeatedly refer[s] to Florida’s statute concerning ‘public lodging,’ lodging being an inherently residential use of a dwelling” (emphasis in original).
The trial court agreed and dismissed the complaint.[4] The court reasoned that “[t]he critical inquiry is not the duration of the *114 tenancy, ,but the character of the actual use of the property by those residing thereon.” Additionally, the court explained that because the proper focus is on “the actual use which is undertaken on the property,” the nature of the properties’ use is not transformed from residential- to business simply - because the properties., may be subject to a regulatory scheme that requires licensure and Appellees may earn income from the rentals, Finally, the court noted that because the restrictive covenants are silent on the issue of short-term rentals, any ambiguity as to whether that use is permitted must be resolved in favor of Appellees’ free and unencumbered use of their properties.
This appeal follows.
Analysis
Our review of the dismissal order is de novo. See Genesis Ministries, Inc. v. Brown, 186 So.3d 1074, 1076 (Fla. 1st DCA 2016) (“We review the dismissal order under the de novo standard of review because the question of whether a complaint should be dismissed is a question of law. And, like the trial court, our review is confined to the well-pled allegations in the complaint and its attachments.”) (citation omitted).
The specific issue in this appeal—whether short-term vacation rentals violate restrictive covenants requiring property to be used only for residential purposes and prohibiting its use for business purposes— appears to be a matter of first impression in Florida. See generally William P. Sklar & Jerry C. Edwards, Florida Community Associations Versus Airbnb and VRBO in Florida, Fla. Bar. J., Feb. 2017, at 16. However, courts in a number of other states have considered the issue and those courts have almost uniformly held that short-term vacation rentals do not violate restrictive covenants nearly identical to those at issue in this case. See Gadd v. Hensley, — S.W.3d -, 2017 WL 1102982 (Ky. Ct. App. Mar. 24, 2017) (unpublished opinion); Houston v. Wilson Mesa Ranch Homeowners Ass’n, 360 P.3d 255 (Col. App. 2015); Wilkinson v. Chiwawa Communities Ass’n, 180 Wash.2d 241, 327 P.3d 614 (2014) (en banc); Estates at Desert Ridge Trails Homeowners’ Ass’n v. Vazquez, 300 P.3d 736 (N.M. Ct. App. 2013); Russell v. Donaldson, 222 N.C.App. 702, 731 S.E.2d 535 (2012); Slaby v. Mountain River Estates Residential Ass’n, 100 So.3d 569 (Ala. Civ. App. 2012); Applegate v. Colucci, 908 N.E.2d 1214 (Ind. Ct. App. 2009); Mason Family Trust v. DeVaney, 146 N.M. 199, 207 P.3d 1176 (N.M. Ct. App. 2009); Ross v. Bennett, 148 Wash. App. 40, 203 P.3d 383 (2008); Scott v. Walker, 274 Va. 209, 645 S.E.2d 278 (2007); Lowden v. Bosley, 395 Md. 58, 909 A.2d 261 (2006); Mullin v. Silvercreek Condo. Owner’s Ass’n, 195 S.W.3d 484 (Mo. Ct. App. 2006); Pinehaven Planning Bd. v. Brooks, 138 Idaho 826, 70 P.3d 664 (2003); Yogman v. Parrott, 325 Or. 358, 937 P.2d 1019 (1997) (en banc); Catawba Orchard Beach Ass’n v. Basinger, 115 Ohio App.3d 402, 685 N.E.2d 584 (1996); but see Shields Mountain Property Owners Ass’n v. Teffeteller, 2006 WL 408050 (Tenn. Ct. App. Feb. 22, 2006) (unpublished opinion); Benard v. Humble, 990 S.W.2d 929 (Tex. App.- Beaumont 1999).
These decisions explain that in determining whether short-term vacation rentals are residential uses of the property, the critical issue is whether the renters are using the property for ordinary living purposes such as sleeping and eating, not the duration of the rental. See, e.g., Wilkinson, 327 P.3d at 620 (“If a vacation renter uses a home ‘for the purposes of eating, sleeping, and other residential purposes,’ this use is residential, not commercial, no matter how short the rental duration.” (quoting Ross, 203 P.3d at 388)); *115 Slaby, 100 So.3d at 579 (explaining that the cabin at issue is “used for ‘residential purposes’ anytime it is used as a place of abode, even if the persons occupying the cabin are residing there temporarily during a vacation”). The decisions further explain that the nature of the property’s use is not transformed from residential to business simply because the owner earns income from the rentals. See, e.g., Lowden, 909 A.2d at 267 (“The owners’ receipt of rental income in no way detracts from the use of the properties as residences by the tenants.”) (emphasis in original); Slaby, 100 So.3d at 580 (“[Njeither [the] financial benefit nor the advertisement of the property or the remittance of a lodging tax transforms the nature of the use of the property from residential to commercial.”); Mason Family Trust, 207 P.3d at 1178 (“While [the owner’s] renting of the property as a dwelling on a short-term basis may have constituted an economic endeav- or on [his] part, to construe that activity as one forbidden by the language of the deed restrictions [prohibiting use for business or Commercial purposes] is unreasonable and strained. Strictly and reasonably construed, the deed restrictions do not forbid short-term rentals for dwelling purposes.”). We agree with the • analysis' in these decisions.
Here, the Association did not-r-and apparently could not—allege that Appel-lees’ properties were being used by the renters for any nonresidential purpose. Accordingly, consistent with, decisions cited above, we hold that the, use of Appellees’ properties as short-term vacation rentals is not prohibited by the applicable restrictive covenants.
This holding is not inconsistent with Robins v. Walter, 670 So.2d 971 (Fla. 1st DCA 1995). The issue in that case was whether the operation of a bed and breakfast inn violated a restrictive covenant prohibiting the use of the property for business or commercial purposes. Id. at 973. The court held that the inn was prohibited because it was essentially a small motel. Id. at 974. Notably, the inn at issue in Robins had a number of indicia of a business, such a manager to “control the guests,” signs located on the property advertising it as a “Bed and Breakfast Inn,” and five bedrooms each with a separate entrance to the outside of the structure. Id. at 973-74. Here, the complaint does not allege that Appellees’ properties are being operated like the bed' and breakfast in Robins or that they have any other indicia of business use. Cf. Laursen v. Giolli, 549 So.2d 1174, 1175 (Fla. 2d DCA 1989) (holding that owners’ use of their home as an adult congregate living facility violated a residential-use-only deed restriction ‘ because the owners were providing'not only room and- boafd but also transportation, entertainment, and “other services and amenities as are usually found in' a commercial retirement home”).
Nor is this holding inconsistent with Bennett v. Walton County, 174 So.3d 386 (Fla. 1st DCA 2015), That case involved a land development code, not a restrictive covenant, and the issue in the case was whether the code’s prohibition on non-residential uses was sufficiently clear to preclude the owners’ use of their property as a venue for weddings and other events. Id at 388. The court rejected the property owners’ challenge to the code, explaining that although “people throw parties in their homes in residential neighborhoods all the timé,” id. the frequency and intensity of the activities on the property demonstrated that the owners “have essentially introduced a wedding venue business into their [residential] neighborhood,” id. at 389. Here, the complaint contains no allegations regarding the frequency of Ap-pellees’ vacation rentals, but even if the *116 properties are rented to different persons every night, there is no allegation that the renters are using the properties for anything other than ordinary living purposes.
Finally, even if the restrictive covenants were susceptible to an interpretation that would preclude short-term vacation rentals, the omission of an explicit prohibition on that use in the covenants is fatal to the position advocated by the Association in this case because “[t]o impute such a restriction would cut against the principle that such restraints ‘are not favored and are to be strictly construed in favor of the free and unrestricted use of real property.’ ” Leamer v. White, 156 So.3d 567, 572 (Fla. 1st DCA 2015) (quoting Wilson v. Rex Quality Corp., 839 So.2d 928, 930 (Fla. 2d DCA 2003)); see also Moss v. Inverness Highlands Civic Ass’n, 521 So.2d 359 (Fla. 5th DCA 1988) (“Restrictive covenants are to be strictly construed in favor of the landowner and the free use of his property.”). Indeed, the need for explicit language in the covenants is particularly important where the use in question is common and predictable, as is the case with short-term rentals of houses near the beach to vacationers.
Conclusion
For the reasons stated above, we affirm the dismissal of the Association’s declaratory judgment action.
AFFIRMED.
OSTERHAUS and M.K. THOMAS, JJ., CONCUR.

. One property is owned by Appellees David and Virginia Acord and the other is owned by Appellee William Alford.

2. VRBO—which is short for “Vacation Rentals by Owner”—is a website on which owners can advertise their houses and other properties for rent. VRBO bills itself as "the world leader in vacation rentals with over 1 million listings in 190 countries.” See Frequently Asked Questions, Who is VRBO?, https:// www.vrbo.com/lyp? (last visited April 11, 2017).

. "Transient public lodging establishment” is statutorily defined as:
any unit, group of units, dwelling, building, or group of buildings within a single complex of buildings which is rented to guests more than three times in a calendar year for periods of less than 30 days or 1 calendar month, whichever is less, or which is advertised or held out to the public as a place regularly rented to guests.
§ 509.013(4)(a)l„ Fla. Stat.; see also § 509.242, Fla. Stat. (classifying and defining the various types of public lodging establishments, including "vacation rentals”).

.The complaint was dismissed with prejudice because, as explained in the dismissal order, "[c]ounsel for the [Association] indicated that he could not amend the Complaint to allege additional uses of the subject properties which would support the [Association’s] claim of prohibited use.”