**CHRISTOPHER K. WHIPPLE**       *      **NO. 2020-CA-0111**

**VERSUS**      *

     **COURT OF APPEAL**

**THE CITY OF NEW ORLEANS**      *
**DEPARTMENT OF SAFETY**      **FOURTH CIRCUIT**
**AND PERMITS**      *

     **STATE OF LOUISIANA**

**✳ ✳ ✳ ✳ ✳ ✳ ✳**

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-04010, DIVISION "A"
Honorable Ellen M Hazeur, Judge

✳ ✳ ✳ ✳ ✳ ✳

**Judge Rosemary Ledet**

✳ ✳ ✳ ✳ ✳ ✳

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Tiffany
G. Chase)


Keith M. Whipple
ATTORNEY AT LAW
P.O. Box 790
Bourg, LA 70343

     COUNSEL FOR PLAINTIFF/APPELLANT

William R. H. Goforth
ASSISTANT CITY ATTORNEY
Shawn Lindsay
DEPUTY CITY ATTORNEY
Churita H. Hansell
CHIEF DEPUTY CITY ATTORNEY
Donesia D. Turner
SENIOR CHIEF DEPUTY CITY ATTORNEY
Sunni J. LeBoeuf
CITY ATTORNEY
1300 Perdidio Street, Room 5E03
New Orleans, LA 70112

     COUNSEL FOR DEFENDANT/APPELLEE


                **AFFIRMED**
                **AUGUST 5, 2020**

This is an administrative case involving alleged violations of certain short term rental ("STR") ordinances adopted by the City of New Orleans (the "City"). This appeal stems from the March 13, 2019 administrative decision rendered against a property owner, Christopher Whipple, finding him in violation of four STR ordinances and fining him $2,075. Mr. Whipple appeals the district court's September 23, 2019 judgment, denying his petition for judicial review and affirming the March 13, 2019 administrative decision. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In July 2016, Mr. Whipple purchased residential property located at 1117 Monroe Street in New Orleans, Louisiana (the "Property"). About one year later, in June 2017, Mr. Whipple obtained a temporary STR permit for the Property. The permit had a one-year term, which expired in June 2018. Before the permit expired, Mr. Whipple applied for a renewal permit. The City denied his application because it had temporarily prohibited the issuance or renewal of temporary STR permits through an Interim Zoning District.[1]

_____

[1] Mr. Whipple did not appeal the City's denial of his application for a renewal permit.

1

In July 2018, the City served Mr. Whipple with a Notice of Violation,[2] citing him for violating four STR ordinances; those ordinances can be grouped together as follows:

- City of New Orleans Code ("CCNO") § 26-613(b) and City Zoning Ordinance ("CZO") § 20.3.LLL.1(b), which both require a license to operate a STR;[3] and

- CCNO § 26-615(b) and (c), which respectively require a permit holder to prominently display the permit on the front façade of the property and to include a valid permit number on any listing advertising or soliciting the property for use as a STR.

In March 2019, an administrative hearing was held. At the hearing, the hearing officer swore in the City's STR administrator and Mr. Whipple; and the City and Mr. Whipple introduced various documentary evidence. The City's evidence included the Assessor's Office information for the Property, reflecting Mr. Whipple's correct address for purposes of providing notice; the expired STR permit for the Property, reflecting Mr. Whipple's lack of a STR permit as of July 2019; and six screenshots of the Property advertised on digital vacation rental platforms—VRBO and HomeAway[4]— between July 2018 and March 2019 (the "Screenshots").

---

[2] The City issued a second notice of violation to Mr. Whipple in October 2018, which cited the same four alleged violations. For ease of discussion, we refer to one Notice of Violation.

[3] The version of CCNO cited in the Notice of Violation became effective on April 1, 2017. At all times relevant to this appeal, CCNO § 26-613(b) provided, in part, as follows: "[n]o Property shall be utilized as a Short Term Rental, as defined by the [CZO], without an authorized [STR] License Permit"; CZO § 26.6 defined a "STR" as "[r]ental of all or any portion thereof of a residential dwelling unit for dwelling, lodging or sleeping purposes to one party with duration of occupancy of less than thirty (30) consecutive days"; and CZO § 26.6 defined a "use" as "[t]he purpose or activity for which land or a structure is designed, arranged, or intended, or for which it is occupied or maintained."

[4] *See Spacil v. Home Away, Inc.,* 219CV00983GMNEJY, 2020 WL 184985, at *1 (D. Nev. Jan. 13, 2020) (observing that "HomeAway operates an online platform allowing property owners and managers to list properties for relatively short-term rent by individuals and families traveling to the location of the property rented. VRBO.com is one of the services offered by HomeAway"); *Santa Monica Beach Prop. Owners Ass'n, Inc. v. Acord*, 219 So.3d 111, 113, n. 2

2

At the close of the hearing, the hearing officer found that Mr. Whipple had violated the four ordinances cited in the Notice of Violation and imposed a fine of $500 per violation (the maximum per day fine) and the $75 hearing costs—$2,075 total. Mr. Whipple appealed the hearing officer's decision to the district court. The district court affirmed the hearing officer's decision. This appeal followed.

## DISCUSSION

Pursuant to La. R.S. 13:2575(A), the City is authorized to regulate public health, housing, and environmental violations. A property owner who is found to have violated the City's regulations is authorized to appeal to the appropriate state district court. La. R.S. 13:2575(H). The statute, however, is silent as to the standard of review. This Court has borrowed the general provisions of the Louisiana Administrative Procedure Act ("APA"), La. R.S. 49:950, *et seq.*, as the governing standard of review. *See DMK Acquisitions & Properties, LLC v. City of New Orleans*, 13-0405, p. 8 (La. App. 4 Cir. 9/18/13), 124 So.3d 1157, 1163; *see also Nola Bourbon, LLC v. City of New Orleans*, 19-0847, p. 2 (La. App. 4 Cir. 1/29/20), 290 So.3d 225, 227 (observing that the general provisions of the APA apply to cases involving municipal housing and land use ordinances).

Under the APA, a party aggrieved by a decision of a district court acting in an appellate capacity is entitled to appeal to the appropriate circuit court of appeal,

---

(Fla. Dist. Ct. App.2017) (observing that "VRBO—which is short for 'Vacation Rentals by Owner'—is a website on which owners can advertise their houses and other properties for rent"); *HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 679 (9th Cir. 2019) (observing that "[w]ebsites like those operated by the Platforms are essentially online marketplaces that allow 'guests' seeking accommodations and 'hosts' offering accommodations to connect and enter into rental agreements with one another").

as in other civil cases. La. R.S. 49:965.[5] "The standard of appellate review of a decision by an administrative agency is distinct from and narrower than that which pertains to general appellate jurisdiction over civil and criminal appeals." *Holladay v. Louisiana State Bd. of Med. Examiners*, 96-1740, p. 4 (La. App. 4 Cir. 2/19/97), 689 So.2d 718, 721. The exclusive grounds upon which an administrative decision may be reversed or modified on appeal are enumerated in La. R.S. 49:964(G). *Id.*, 96-1740, p. 5, 689 So.2d at 721. Summarized, those grounds are as follows:

> [Administrative] decisions are subject to reversal or modification only upon two conditions—(1) prejudice to "substantial rights of the appellant" based on (2) findings, conclusions, or decisions that are: [a.] in violation of constitutional or statutory provisions; [b.] in excess of the agency's statutory authority; [c.] made according to unlawful procedure; [d.] affected by other error of law; [e.] arbitrary, capricious, or characterized by abuse of discretion; or [f.] not supported and sustainable by preponderance of the evidence.

Brandee Ketchum and Andrew Olsan, *Louisiana Administrative Law: A Practitioner's Primer*, 68 LA. L. REV. 1313, 1369 (2008).

On appeal, Mr. Whipple raises three types of issues—evidentiary, administrative, and constitutional.

*Evidentiary Issues*

Mr. Whipple's evidentiary argument is that the district court erred in affirming the hearing officer's decision because it was based on "unsubstantiated hearsay" and "incompetent and unverified" documentary evidence. Simply put, Mr. Whipple's argument, as he framed it before the district court, is that "all of the

---

[5] When a court of appeal reviews the judgment of a district court acting in an appellate capacity, no deference is owed "just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal." *Nola Bourbon*, 19-0847, p. 2, 290 So.3d at 227 (internal citations and quotations omitted). "[A]n appellate court sitting in review of an administrative agency reviews the findings and decision of the administrative agency and not the decision of the district court." *Id.*

documents introduced were hearsay documents, which were unsworn to and otherwise inadmissible." This argument is not persuasive.

"Administrative bodies are usually not bound by the technical rules of evidence." *Louisiana Household Goods Carriers v. Louisiana Public Service Comm'n*, 99-3184, p. 9 (La. 6/30/00), 762 So.2d 1081, 1089. Thus, competent hearsay evidence may be admissible in administrative proceedings. *Evans v. DeRidder Mun. Fire*, 01-2466, p. 12 (La. 4/3/02), 815 So.2d 61, 70 (observing that "[h]earsay statements may be admissible in an administrative hearing, provided the evidence is determined to be competent").

Competent evidence in the administrative proceeding context means evidence having "some degree of reliability and trustworthiness" and "of the type that reasonable persons would rely upon." *Chaisson v. Cajun Bag & Supply Co.*, 97-1225, pp. 12-13 (La. 3/4/98), 708 So.2d 375, 382.[6] "[M]ost hearsay evidence in administrative hearings is generally reliable documentary evidence, such as correspondence, physician's reports, and the like." *Id.*, 97-1225, p. 11, 708 So.2d at 382. Nonetheless, the question of whether hearsay evidence is competent evidence must be determined "on a case-by-case basis under the particular facts and circumstances." *Id.*, 97-1225, p. 13, 708 So.2d at 382.

Here, the principal evidence that the City introduced to establish the violations was the Screenshots. An investigator, working under the City's STR administrator, took the Screenshots on multiple days between July 2018 and March 2019. Applying the *Chaisson* standard, we determine that the Screenshots are competent hearsay evidence that the hearing officer did not err in allowing to be

---

[6] *See* La. R.S. 49:956(1) (providing that "[a]gencies may admit and give probative effect to evidence which possesses probative value commonly accepted by reasonably prudent men in the conduct of their affairs").

5

introduced. *See Chaumont v. City of New Orleans*, 20-0017, p. 10 (La. App. 4 Cir. 6/3/20), ___ So.3d at ___, 2020 WL 2898133, *6 (observing that "considering the nature of web-based short-term rentals, screenshots of the online rental advertisements appear to be the type of evidence that reasonable persons would rely upon to demonstrate violations of the City's regulations"). Mr. Whipple's evidentiary argument is unpersuasive.

*Administrative issues*

Mr. Whipple's administrative argument is that the district court erred in dismissing his appeal without requiring the hearing officer to dictate into the record her findings of facts and conclusions of law as required by an APA provision, La. R.S. 49:958 (the "APA Provision"), which provides:

> A final decision or order adverse to a party in an adjudication proceeding shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings.

Assuming the APA Provision applies here,[7] the jurisprudence has held that when "the findings and reasons therefor are necessarily implicit in the record and the administrative determination is supported and sustainable by a preponderance of the evidence, the administrative decision is not invalid merely because the [agency] failed to explicitly articulate that which is self evident." *In re Ark-La-Tex Antique & Classic Vehicles, Inc.*, 05-1931, p. 7 (La. App. 1 Cir. 9/15/06), 943 So.2d 1169, 1174; *see also State Farm Fire & Cas. Co. v. Louisiana Ins. Rating*

---

[7] Given this court has borrowed the general provisions of the APA as the governing standard of review in this context, it would be logical to find the APA Provision applicable here as well. We acknowledge, however, that the City has expressly adopted only the APA's evidentiary provisions. *See* CCNO § 6-36(g) (providing that "[a]ny administrative adjudication hearing held under the provisions of this article shall be conducted in accordance with the rules of evidence of the Administrative Procedure Act, R.S. 49:950 *et seq.*").

*Comm'n*, 97-0368, p. 6, n. 5 (La. App. 1 Cir. 4/8/98), 710 So.2d 819, 823). Such is the case here.

The hearing officer's rationale is necessarily implicit in the record. The principal issue here is whether the Property was used as a STR without a permit in violation of CCNO § 26-613(b) and CZO § 20.3.LLL.l(b). If so, then, by definition, the other two ordinances—CCNO § 26-615(b) and (c)—were violated given that both require a permit. The Screenshots establish Mr. Whipple's use of the Property as a STR during a period that he undisputedly lacked a permit. The attempt to rent the Property on digital, vacation rental platforms—VRBO and HomeAway—without a permit was sufficient to establish a violation of all four ordinances. Given our determination that the Screenshots are competent hearsay evidence, coupled with Mr. Whipple's lack of a permit, the hearing officer's decision that Mr. Whipple violated all four ordinances is supported by a preponderance of the evidence. Accordingly, Mr. Whipple's administrative argument is unpersuasive.

*Constitutional issues*

Mr. Whipple's primary constitutional argument is that the district court erred in failing to find the City's STR ordinances violate the First, Fourth, Fifth, and Eighth Amendments of the United States Constitution and failing to find the ordinances were unconstitutionally vague in violation of the Due Process Clause of the Fourteenth Amendment. None of the constitutional issues Mr. Whipple raises on appeal was properly raised in either the district court or administrative hearing below;[8] hence, none of the constitutional issues is properly before this court. *See*

_____

[8] We acknowledge that Mr. Whipple attempted to raise these issues in the district court; however, he did so in an untimely filed reply memorandum, which the district court refused to

*Council of City of New Orleans v. Washington*, 09-1067, p. 3 (La. 5/29/09), 9 So.3d 854, 856 (observing that "appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed").[9] Furthermore, Mr. Whipple's federal constitutional challenge is directed to the City's current STR ordinances, which were not in effect at the time of Mr. Whipple's administrative hearing.[10] For these reasons, Mr. Whipple's constitutional argument is not properly before us.

## DECREE

For the foregoing reasons, the judgment of the district court is affirmed.

**AFFIRMED**

---

consider.

[9] In his petition for suspensive appeal filed in the district court, Mr. Whipple raised only equal protection and due process issues; he framed those issues as follows:

- The Hearing Officer refused to allow Petitioner or his counsel to review the documents introduced into evidence by the City and the City had not furnished such evidence to Petitioner or his counsel prior to the hearing, thus depriving Petitioner of his right to Due Process and Equal Protection of the laws.

- Petitioner avers that the said ordinance enacted by the City of New Orleans is unconstitutional as violating the Equal Protection and Due Process clauses of the United States and Louisiana Constitutions.

Neither of these issues require further analysis here. The first issue is not briefed in Mr. Whipple's appellant brief. The second issue was not expounded upon in the district court and thus not addressed below. We decline to address it here. Regardless, all of the constitutional issues Mr. Whipple raises were discussed in this court's recent decision involving another property owned by Mr. Whipple and listed on digital platforms as the Property's "sister property." *Chaumont*, *supra*. The appellant brief Mr. Whipple's attorney filed in this case tracks virtually verbatim the appellant brief the same attorney filed in the *Chaumont* case.

[10] Mr. Whipple's adjudication hearing occurred on March 13, 2019; the STR ordinances he challenges did not take effect until December 1, 2019. *See* NOCC § 26-613, *et seq.* ("M.C.S., Ord. No. 28157, § 1, adopted August 8, 2019, effective December 1, 2019). As the MUNICODE editors' note observes, "M.C.S., Ord. No. 28157, § 1, adopted August 8, 2019, effective Dec. 1, 2019, amended Art. XI [Standards for Short Term Rentals] in its entirety. . . . Former Art. XI, §§ 26-613-26-620, pertained to similar subject matter, and derived from M.C.S., Ord. No. 27204, § 1, adopted Dec. 1, 2016."